Kathleen C. Jeffries (State Bar #110362)
kjeffries@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Telephone: (626) 795-4700
Facsimile: (626) 795-4790

Attorneys for Plaintiff
THREE SONS, INC. dba AMERICAN MEAT COMPANIES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THREE SONS, INC. dba AMERICAN MEAT COMPANIES, a California corporation, | Case No. |
| Plaintiff, | COMPLAINT FOR STATUTORY LIABILITY FOR DELAY IN DELIVERY OF AND DAMAGE TO CARGO (49 U.S.C. § 14706) |
| v. | |
| WESTERN LOGISTICS TRUCKING, INC., a suspended California corporation; H & H EXPRESS LLC, an Arizona limited liability company; and DOES 1 through 20, inclusive, | |
| Defendants. | |

Plaintiff Three Sons, Inc. dba American Meat Companies ("plaintiff AMC") hereby alleges that:

<u>PRELIMINARY ALLEGATIONS</u>

1.     At all times herein mentioned, plaintiff AMC has been and now is a corporation duly organized and existing under and by virtue of the laws of the state of California, engaged in business in California and on a nationwide basis as a meat producer.

///

1

2.    At all times herein mentioned, defendant Western Logistics Trucking, Inc. ("Western Logistics") was a suspended corporation formerly organized and existing under and by virtue of the laws of the state of California and licensed by the Federal Motor Carrier Safety Administration to operate as a for-hire motor carrier of property in interstate and foreign commerce throughout the United States, including within this judicial district.

3.    At all times herein mentioned, defendant H & H Express LLC ("H & H Express") has been and now is a limited liability company duly organized and existing under and by virtue of the laws of the state of Arizona and licensed by the Federal Motor Carrier Safety Administration to operate as a for-hire motor carrier of property in interstate and foreign commerce throughout the United States, including within this judicial district.

4.    The true names and capacities of defendants sued herein as Does 1 through 20, inclusive, are unknown to plaintiff AMC who therefore sues said defendants by such fictitious names.  Plaintiff AMC will amend its complaint to show their true names and capacities when the same have been ascertained.

5.    Plaintiff AMC is informed and believes and based upon such information and belief alleges that, at all times herein mentioned, each of the defendants was the agent or employee of each of the remaining defendants and acting within the course and scope of such agency or employment.

6.    The jurisdiction of this Court over the subject matter of this action is predicated upon 28 U.S.C. § 1337 in that the claims against defendants arise out of an Act of Congress regulating commerce, to wit, the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. § 14706) and raise a matter in controversy of over $10,000.00.

/ / /

2

7.    Venue is proper pursuant to 49 U.S.C. § 14706(d) on the ground that the transportation services on which this action is based originated in this judicial district and that defendants operate in this judicial district.

<u>FIRST CAUSE OF ACTION</u>

(Delay in Delivery of and Damage to Cargo - 49 U.S.C. § 14706 against All Defendants)

8.    Plaintiff AMC hereby realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 7 hereof as though set forth at length herein.

9.    On or about July 17, 2019, defendant Western Logistics accepted a written request from Kopf Logistics, LLC on behalf of plaintiff AMC in the form of Kopf's Load Confirmation to transport, as a motor carrier, 16 pallets of frozen meat from plaintiff AMC's facility in Fullerton, California for deliveries of designated portions thereof to four consignees at four destinations: six pallets to US Foods in Manassas, Virginia, five pallets to Renzi Bros. in Watertown, New York, three pallets to HPC Foodservice in South Windsor, Connecticut and two pallets to Sysco Foodservice in Westbrook, Maine.  Per the terms of the Load Confirmation, pick-up was required to be made from plaintiff AMC's facility on July 18, 2019 and the deliveries were to be made on July 22, 2019, July 23, 2019, July 24, 2019 and July 25, 2019, respectively.

10.    Such Load Confirmation further expressly required all trailers provided by the motor carrier to be pre-cooled on arrival at the loading facility and to be run on continuous cooling and each of the four bills of lading contained express temperature requirements.

///

///

3

11.    On July 18, 2019, defendant Western Logistics or others retained by Western Logistics received said shipment for transportation from California to the East Coast on the designated delivery schedule.

12.    Defendants were obligated to safely transport said shipment and deliver it in a timely manner and in the same good condition as when received by said defendants.

13.    Said defendants, however, failed to satisfy such obligations with respect to said shipment.  To the contrary, the deliveries were significantly delayed, resulting in rejection by three of the four consignees (Renzi Bros. in Watertown, New York, HPC Foodservice in South Windsor, Connecticut and Sysco Foodservice in Westbrook, Maine) based on the fact that the requisite temperature was not maintained and the resulting deterioration in and/or tainting of the condition of the meat.

14.    Moreover, the deliveries of the three rejected components of the shipment were made by defendant H & H Express rather than Western Logistics, the entity that committed to handling the transportation, and in a truck other than that on which the shipment had been picked up from plaintiff AMC in California. On information and belief, plaintiff AMC alleges that Western Logistics, in breach of the express anti-brokering terms of the Load Confirmation and without the knowledge or consent of plaintiff AMC, transferred possession of the shipment and delegated responsibility for the deliveries of the shipment to H & H Express.

15.    Pursuant to the provisions of 49 U.S.C. § 14706 (known as the Carmack Amendment, the law governing the liability of interstate motor carriers), defendants are strictly liable for the delay in delivery of and damage to said three portions of the shipment.

/ / /

COMPLAINT FOR STATUTORY LIABILITY FOR DELAY IN DELIVERY OF AND DAMAGE TO CARGO (49 U.S.C. § 14706)

1    16.    As a result of said delay and damage, plaintiff AMC suffered a

2    financial loss of $88,371.74, comprised of $28,519.72 for the New York portion of the

3    shipment, $26,424.89 for the Connecticut portion of the shipment and $31,459.54

4    for the Maine portion of the shipment (the invoice price of each such portion) plus

5    $567.59 disposal fee and $1,400.00 in shipping and related costs for return of the

6    shipments.

7    17.    Plaintiff AMC therefore seeks recovery in the sum of $88,371.74

8    from defendants, plus interest on said sum at the maximum lawful rate from July

9    25, 2019.

10    WHEREFORE, plaintiff Three Sons, Inc. dba American Meat

11    Companies prays for judgment against defendants and each of them as follows:

12    1.    For the sum of $88,371.74 plus interest thereon at the

13    maximum lawful rate from July 25, 2019;

14    2.    For plaintiff's costs of suit incurred herein; and

15    5.    For such other and further relief as this Court deems proper.

16

17    Dated:  June 30, 2021                    SCOPELITIS, GARVIN, LIGHT, HANSON
                                                             & FEARY, LLP
18

19                                        By:    /s/ Kathleen C. Jeffries
                                                       Kathleen C. Jeffries
20                                                     Attorneys for Plaintiff
                                                       THREE SONS, INC. dba AMERICAN
21                                                     MEAT COMPANIES

22

23

24

25

26    4838-1519-8703, v. 1

27                                            5

28
COMPLAINT FOR STATUTORY LIABILITY FOR DELAY IN DELIVERY OF AND DAMAGE TO
CARGO (49 U.S.C. § 14706)